IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD STANLEY; MANESS                                                                      PLAINTIFF

                  v.                        Civil No. 05-2114

DISTRICT COURT OF LOGAN COUNTY,
NORTHERN DIVISION, et al.                                               DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Richard Stanley; Maness (hereinafter "Maness") brings this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 3.) At the time he filed his in forma pauperis application(Doc. 1), Maness was not incarcerated. The court granted Maness pauper status and directed the clerk to file the complaint *nunc pro tunc* as of July 13, 2005. It is now determined whether the complaint should be served on any of the numerous defendants.

### **I. Background**

In his complaint, Maness names the following as defendants in this action: (1) the District Court of Logan County - Northern Division, (2) Paula MCaully, District Court Clerk, (3) Judge David R. Cravens, (4) Amanda Roberts, District Court Clerk, (5) Judge Paul X. Williams, (6) Logan County Circuit Court, (7) Judge Paul Danielson, (8) David McCormick, (9) Judge Terry Sullivan, (10) Everly Kellar, Logan County Circuit and Chancery Clerk, and (11) Kevin Barham, Paris City Prosecutor.

According to his complaint, Maness appeared before Judge Williams on April 14, 2005, for a criminal trial stemming from what Maness contends was a false arrest based on an unspecified violation of his constitutional rights. On April 14, Maness states that he made a

verbal request to continue the trial because he had an ear infection and high fever. Judge Williams denied that motion, and later in the day, Maness was taken to the Veterans' Administration Hospital emergency room to be treated for the fever and ear infection which began draining blood and fluid.

Maness contends that because of Judge Williams's denial of his motion, he was denied any meaningful opportunity to present his case. He also states that the court would not permit him to introduce evidence to show "factual innocence." Maness claims that Kevin Barham, the prosecuting attorney, presented "no evidence to the contrary," and that Judge Williams "ruled against Plaintiffs" (presumably meaning Maness).

Maness then requested forms from the Logan County Circuit and Chancery Clerk's office with which to proceed on appeal as a pauper. He was informed by the clerk's office that there were no forms for such filings, and that Maness would have to prepare his own motion for proceeding as a pauper. Maness then prepared a "Notice of Appeal" and a "Petition to Proceed without prepayment of Court Fees" and filed them with the clerk's office on May 9, 2005. On May 16, 2005, Everly Kellar, the Logan County Circuit Court Clerk, sent Maness a letter, which is attached to the complaint as Exhibit B, stating that due to lack of a filing fee, the appeal was being returned unfiled.

In a May 23, 2005 response to Kellar's letter, Maness stated that he had filed a "Joint Notice of Petition to Proceed without prepayment of Court cost and filing fees and Appeal and Appeal of Final Judgement" and that the motion should have been heard by the judge. Maness then goes on to request, under the Arkansas Freedom of Information Act, a copy of the law or policy "that supercedes the authority of the Constitution of the United States of America and the Constitution of the State of Arkansas" and allows Kellar to deny Maness due process and equal

protection. This response is attached as Exhibit A to plaintiff's complaint.

On May 26, 2005, Kellar sent another letter to Maness explaining that the Secretary of State's office maintains copies of state laws. Further, Kellar advised Maness to consult Act 333 of 1997, as codified at Arkansas Code Annotated § 21-6-403, as it pertains to filing fees. This letter is attached as Exhibit D to the complaint.

On May 25, 2005, Maness again wrote to Keller. On this occasion, Maness quotes A.C.A. § 21-6-403, emphasizing subsection (c), which states that no fee shall be charged when by court order under Rule 72 of the Arkansas Rules of Civil Procedure, the indigent person is permitted to pursue his cause of action in forma pauperis. Maness also reminded Kellar that he had filed such a motion with his notice of appeal. This letter is attached as Exhibit C to the complaint.

On June 3, 2005, Kellar sent a letter, which is attached as Exhibit F, to Maness stating, "In order for us to accept your District Court Appeal filing we will need an Order, signed by the Circuit Court Judge, to proceed in forma pauperis. This signed order will need to be presented at the time of the filing of your appeal."

On June 16, 2005, Maness responded that he submitted the motion to the court, but that in order for him to receive a signed order from the judge, that the motion needed to be presented to the judge (presumably by the clerk). Maness states that he will await further instruction from Kellar on how to proceed with the pauper motion. This letter is attached to the complaint as Exhibit E.

On June 23, 2005, Paula McCaully, the District Court Clerk for the Northern District of Logan County, sent Maness a letter stating that according to the Circuit Court for the Northern District of Logan County, Maness had failed to perfect his appeal, and thus his appeal had been

denied by the Circuit Court. Maness was directed to pay $785.00 to the City of Paris police department by July 30, 2005. Maness was warned that his failure to do so would result in a warrant for his arrest being issued. This letter, which is attached as Exhibit G to the complaint, indicates that Maness was found guilty of the charges of No Proof of Insurance, No Drivers License, and Failure to Register.

Maness seeks an "Order of Estoppel" from this court, "vacating the conviction or judgement and order to pay fines until such time as the US District Court has heard the case and whatever other sanctions and/or damages the court deems appropriate in this matter." (Doc. 3.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

First, the claims against Judge David R. Cravens, Amanda Roberts, Judge Paul Danielson, Judge David McCormick, Judge Terry Sullivan, and Paula McCaully should be dismissed on the basis that the plaintiff has failed to state in any manner what actions these individuals took that violated his federal constitutional rights. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) (per curiam) (court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption); *see also Krych v. Hvass*, 83 Fed.

Appx. 854, 855 (8th Cir. 2003) (unpublished per curiam) (plaintiff failed to state claim against named defendants where he listed defendants in complaint and did not allege defendants were personally involved in constitutional violations).

Second, Kevin Barham, the Paris City prosecuting attorney, should be dismissed because the only actions that Maness alleges that Barham took was Barham's failure to present sufficient evidence to convict Maness. Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir.1996). In contrast, a prosecutor is entitled only to qualified immunity when performing actions in an "investigatory" or "administrative" capacity. *See Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). To decide whether an action is prosecutorial, investigatory or administrative, the court must look to "the nature of the function performed, not the identity of the actor who performed it." *See Forrester v. White,* 484 U.S. 219, 229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1987); *Brodnicki,* 75 F.3d at 1266-67. Barham would be subject to immunity for this claim as it involves actions Barham took as a prosecutor in presenting the case against Maness.

Third, the claims against Judge Paul X. Williams should be dismissed, as Judge Williams is entitled to absolute immunity from suits under section 1983 for actions taken as a state court judge. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (judges performing judicial functions enjoy absolute

immunity from § 1983 liability).

Fourth, Everly Kellar is entitled to qualified immunity for the actions she took as court clerk. Maness only claims that Kellar failed to present his motion to appeal as a pauper to a judge. However, the Arkansas Supreme Court has repeatedly placed the burden of perfecting an appeal on the shoulders of the appellant, not the clerk. *See Ottens v. Arkansas*, 316 Ark. 1, 871, S.W.2d 329 (1994); *Edwards v. City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). Thus, Maness had the responsibility to presenting his motion to proceed in forma pauperis to the judge, and could not pass that responsibility to the court clerk. Assuming Kellar failed to present Maness's motion to proceed as a pauper to a judge as he directed, such actions are discretionary and not required by law or court rule, and thus Kellar is immune from suit on this claim. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993). Maness does not claim that Kellar refused to file a properly perfected appeal or comply with court rules, rather he seems to claim that she did not act as he expected or desired. This claim should be dismissed.

Fifth, the claims against the Logan County Circuit Court and the District Court of Logan County - Northern Division should be dismissed, as state courts are not entities vulnerable to suit under section 1983 because they are protected by the state's Eleventh Amendment immunity. *See Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir.), *cert. denied*, 479 U.S. 851 (1986).

### III. Conclusion

Therefore, I recommend that Maness's complaint be dismissed as frivolous and for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Maness has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Maness is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of October 2005.

                                          **/s/ Beverly Stites Jones**
                                          _____
                                          HON. BEVERLY STITES JONES
                                          UNITED STATES MAGISTRATE JUDGE